UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP JOHNSON, #77304079,

    Plaintiff,

v.                                            Case No. 2:19-cv-10814
                                             Hon. Linda V. Parker

DR. SIDU,

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff is an inmate confined at the Federal Correctional Institution in Milan, Michigan, who filed a *pro se* civil rights complaint on March 18, 2019. On April 2, 2019, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required Plaintiff to provide a "Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account, a current Certification/Business Manager's Account Statement, and a statement of Trust Fund Account (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint." (ECF No. 3.)

Alternatively, the order permitted Plaintiff to pay the four hundred ($ 400.00) dollar filing fee in full. Plaintiff was given thirty days to comply with the order. The order warned Plaintiff that if he failed to pay the filing fee and the administrative fee, or failed to file the required documents, the Court would

1

presume that he is not proceeding without prepayment of the fee, assess the entire fee, and order the case dismissed for want of prosecution. (*Id.*)

To date, Plaintiff has neither paid the filing fee in full nor supplied this Court with all the requested information. Plaintiff filed only a "Certificate of Account Activity" signed by the trust fund program specialist at FCI Milan. (ECF No. 4.) For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may refile his complaint but must either pay the appropriate fees or file the required documents to proceed without prepayment of fees.

II.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute provides prisoners the opportunity to make a down payment of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b); *see also Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account

statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C.A. § 1915(a). The affidavit must include "a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor[,]" and must also "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C.A. § 1915(a)(1).

If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (citing *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir.1997)). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id*.

Plaintiff has failed to apply to proceed *in forma pauperis* in the manner required by law and as explained in the April 2 Order of Deficiency. On April 15, 2019, he filed a "Certificate of Account Activity," signed by the trust fund program specialist at FCI Milan (ECF No. 4.), which complies with the certified trust fund account requirements of the Order. Plaintiff, however, did not provide the Court with the required application to proceed without prepayment of fees and costs.

Plaintiff's application to proceed *in forma pauperis* is accordingly deficient, because he failed to file an affidavit that includes a statement of all assets that he

3

possesses as required by 28 U.S.C. § 1915(a)(1). The moment Plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *McGore*, 114 F. 3d at 605.

III.

The Court dismisses the complaint without prejudice for want of prosecution, because of Plaintiff's failure to comply with Magistrate Judge Whalen's deficiency order, by failing to timely pay the filing fee or provide the requested documentation needed to proceed *in forma pauperis*. *See Erby v. Kula*, 113 F. App'x 74, 75-6 (6th Cir. 2004); *Davis*, 73 F. App'x at 805.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Plaintiff may refile his complaint but must either pay the appropriate fees or file the required documents to proceed without prepayment of fees.

**IT IS SO ORDERED**.

s/Linda V. Parker
LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

Dated: July 11, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 11, 2019, by electronic and/or

U.S. First Class mail.

                                                                                      s/ R. Loury  
                                                                                      Case Manager